# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DERRICK COLES, on behalf of himself
and on behalf of all others similarly situated,

     Plaintiffs,

v.            Case No. : 8:17-cv-829-EAK-AEP

STATESERV MEDICAL OF FLORIDA, LLC,
THE STATESERV COMPANIES, LLC, and
STATESERV MEDICAL, LLC

     Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DERRICK COLES, by and through his attorneys, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following Class Action Complaint as of right against Defendants, STATESERVE MEDICAL OF FLORIDA, LLC, THE STATESERV COMPANIES, LLC, and STATESERV MEDICAL, LLC including, subsidiaries, divisions and affiliates ("Defendants"), under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1.   Defendants supply medical equipment and staffing to hospice patients around the country.

2.   Defendants routinely obtain and use information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment

action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

3.      The FCRA, 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case Defendants – have complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681(b)(2).

4.      Defendants willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.      Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendants are required to disclose to its applicants and employees – ***in a document that consists solely of the disclosure*** – that they may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Defendants willfully violated this requirement by failing to provide Plaintiff with a copy of a document that consists solely of the disclosure that it may obtain a consumer report on him for employment purposes, prior to obtaining a copy of his consumer report.

6.      Defendants also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7.      Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendants on behalf of himself and class consisting of Defendants' employees, and prospective employees.

8.      In Counts One through Four, Plaintiff asserts a FCRA claim under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All StateServ Medical of Florida, LLC, The StateServ Companies, LLC and StateServ Medical LLC employees and job applicants in the United States who were the subject of a consumer report that was procured by StateServ Medical of Florida, LLC, The StateServ Companies, LLC and StateServ Medical LLC within five years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).**

9.      On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, actual damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA. Plaintiff also seeks damages for violations of Florida Common law based upon a tortious invasion of privacy.

## THE PARTIES

10.      Individual and representative Plaintiff, Derrick Coles ("Plaintiff") lives in Florida, was formerly employed by Defendants in this district and is a member of the Putative Class defined below.

11.      Defendants are corporations and users of consumer reports as contemplated by the FCRA, at 15 U.S.C. §1681b.

## JURISDICTION AND VENUE

12.      This Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, and venue is proper because Defendants regularly sell products and services in this District.

## ALLEGATIONS REGARDING DEFENDANTS' BUSINESS PRACTICES

### *Background Checks*

13.      Defendants conduct background checks on many of its job applicants as part

of a standard screening process. In addition, Defendants also conduct background checks on existing employees from time-to-time during the course of their employment.

14.     Defendants do not perform these background checks in-house. Rather, Defendants rely on an outside consumer reporting firm to obtain this information and report it to the Defendants. These reports constitute "consumer reports" for purposes of the FCRA.

### FCRA Violations Relating to Background Check Class

15.     Defendants procured a consumer report information on Plaintiff in violation of the FCRA.

16.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii)     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

17.     Defendants failed to satisfy these disclosure and authorization requirements.

18.     Defendants did not have a stand-alone FCRA disclosure or authorization form. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.

19.     The FCRA also contains several other notice provisions, such as 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action); § 1681b(4)(B)(notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681(g) (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and

4

conditions of disclosure; and §1681(m)(a) (notice of adverse action).

20.     The purpose of FCRA notice provisions, including 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report or consumer investigative report may be prepared. This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.

21.     Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

22.     Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC"). *Jones v Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324, 333 (S.D.N.Y 2015)(disclosure not "stand alone" when it contains extraneous information such as state specific disclosures); *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 U.S. Dist. LEXIS, at *35 (E.D. Pa. May 29, 2015)("The text of the statute and available agency guidance demonstrate that the inclusion of information on the form apart from the disclosure and related authorization violates § 1681b(b)(2)(a).")

23.     Defendants' *Authorization for Background Investigation* form required applicants and employees to waive federal and state privacy rights.  For example, information from an educational institution cannot be disclosed unless consent is received from the student. *See Family Educational Rights & Privacy Act*, 20 U.S.C. § 1232(g); 34 CFR Part 99.  Similarly, covered financial institutions are required to maintain the security of banking and financial information. *See Gramm-Leach Bliley Act*, 15 U.S.C.  §§ 6801-6809.

24.     Along similar lines, many states have data privacy laws that restrict the disclosure of the information in their possession. *See, e.g.* Russom, Mirian B., Robert H. Sloan and Richard Warner, Legal Concepts Meet Technology, A 50 State Survey of Data Privacy Laws (2011) (available at https://acsac.org/2011/workshops/gtip/p-Russo.pdf).

25.     Defendants knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute.  Defendants' violations were willful because Defendants knew they were required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members. Specifically, Defendants used A-Check America, Inc. ("A-Check") to procure consumer reports on Plaintiff and the members of the Putative Class. A-Check provided guidance regarding FCRA compliance, which Defendants either disregarded or ignored.

26.     Defendants' conduct is also willful because:

    a.  Defendants are large and sophisticated employers with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

    b.  Defendants knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

    c.  Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

    d.  Defendants ignored or failed to utilize the compliance guidance and materials offered by A-Check, the consumer reporting agency used by Defendants to procure consumer reports;

27.     Defendants acted in a deliberate or reckless disregard of its obligations and the

rights of Plaintiff and other Background Check class members. Defendants knew or should have known about its legal obligations under the FCRA, as evidenced by the multiple references to the FCRA in Defendants' own documents. These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law. Defendants had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants size and sophistication knows or should know about FCRA compliance requirements.

28.     Alternatively, Defendant's conduct was negligent and a breach of its duty to applicants and employees.

## ALLEGATIONS SPECIFIC TO PLAINTIFF

29.     Plaintiff applied for employment with Defendants as a Warehouse Technician.

30.     As part of the hiring process, Plaintiff was provided and executed a form titled *Authorization for Background Investigation* form on or around June 30, 2015.

31.     The *Authorization for Background Investigation* form did not contain a clear, stand-alone FCRA disclosure.

32.     The *Authorization for Background Investigation* form contained extraneous information and served as a functional waiver of rights afforded consumers pursuant to federal and state laws.

33.     Plaintiff was confused by the extraneous language contained in the *Authorization for Background Investigation* form.

34.     Subsequently, Defendants procured a consumer report on Plaintiff.   It was unlawful for Defendants to procure a consumer report on Plaintiff without making the disclosures required by the FCRA. Defendants violated 15 U.S.C.  §  1681b(b)(2)(A)(i) by

procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

35.     Defendants failed to satisfy the FCRA requirements pertaining to the disclosure and authorization when it procured Plaintiff's consumer report without making the proper disclosures.  Consequently, Plaintiff's authorization was obtained unlawfully and was therefore invalid.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff asserts claims under Counts 1 through 4 of this Complaint on behalf of a Putative Background Check Class defined as follows:

> **All StateServ Medical of Florida, LLC, The StateServ Companies, LLC and StateServ Medical LLC employees and job applicants in the United States who were the subject of a consumer report that was procured by StateServ Medical of Florida, LLC, The StateServ Companies, LLC and StateServ Medical LLC within five years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).**

37.     <u>Numerosity</u>: The members of the Putative Class are so numerous that joinder of all Class members is impracticable. Defendants regularly obtain and use information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Defendants' employees and prospective employees satisfy the definition of the Putative Class.

38.     <u>Typicality</u>:  Plaintiff's claims are typical of those of the members of the Putative Class. Defendants typically use consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendants treated Plaintiff

consistent with other Putative Class members in accordance with its standard policies and practices.

39.    Adequacy:   Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

40.    Commonality:   Common questions of law and fact exist as to all members of the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

    a.    Whether Defendants use consumer report information to conduct background checks on employees and prospective employees;

    b.    Whether Defendants' background check practices and/or procedures comply with the FCRA, including as to its "release" of liability;

    c.    Whether Defendants violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

    d.    Whether Defendants violated the FCRA by procuring consumer report information based on invalid authorizations;

    e.    Whether Defendants' violation of the FCRA was willful;

    f.    The proper measure of statutory damages; and

    g.    The proper form of injunctive and declaratory relief.

41.    This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Class  would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendants. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other  individuals not a party to such action, thereby impeding their ability to protect their interests.

42.    This case is also maintainable as a class action because Defendants acted or

refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

43.     Class certification is also appropriate because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendants, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.   Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

44.     Plaintiff intends to send notice to all members of the Putative Class to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Defendant's records.

## FIRST CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of FCRA
### 15  U.S.C. § 1681b(b)(2)(A)(i)

45.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-44.

46.      In violation of the FCRA, the *Authorization for Background Investigation* form Defendants required the Background Check Class to complete as a condition of its employment with Defendants does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendants failed to provide a stand-alone document as to the consumer report information being obtained and utilized.   Furthermore, the background check document provided by Defendants included waivers of rights afforded by state and federal statutes, which violates the FCRA.

### *Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(i): Informational Injury*

47.      Plaintiff suffered a concrete informational injury because Defendants failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure.  *Church v. Accretive Heath, Inc*., 0216 U.S. App. Lexis 12414, *1 (11th Cir. July 6, 2016), *3, n. 2 (rejecting Defendant's argument that a plaintiff "cannot satisfy the demands of Article III standing by alleging a bare procedural violation," the Court stated "This statement is inapplicable to the allegations at hand, because Church has not alleged a procedural violation. Rather, Congress provided Church with a substantive right to receive certain disclosures and Church has alleged that Accretive Health violated that substantive right."); *Graham v. Pyramid Healthcare Solutions, Inc.*, Case No.: 16-cv-01324 (M.D. Fla. October 26, 2016) (Moody, J.)(denying Defendant's motion to dismiss on standing noting "In sum, Plaintiff's standing was established when Plaintiff alleged Defendant procured a consumer report on her background without following the FCRA's disclosure and authorization requirements"); *Moody v. Ascenda USA Inc*., Case No.: 16-cv-60364 (S.D. Fla. October 5, 2016) (Dimitrouleas, W.)(denying

Defendant's motion to dismiss plaintiffs' claims pursuant to 15 U.S.C. § 1681b(b)(2) noting "Plaintiffs sufficiently alleged a concrete and particularized injury and thus have standing to sue pursuant to *Spokeo*"); *Thomas v. FTS USA*, 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016)(holding that "it was Congress' judgment, as clearly expressed in §§ 1681b(b)(2) … to afford consumers rights to information and privacy," and thus that "the rights created by §§ 1681b(b)(2) are substantive rights.")

48.     Pursuant to § 1681(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time he was entitled to receive it, Defendant injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins,* 524 U.S. 11 (1998).

49.     Defendants violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment. The required disclosures were not made, causing Plaintiff an informational injury. *Graham v. Pyramid Healthcare Solutions, Inc.*, Case No.: 16-cv-01324 (M.D. Fla. October 26, 2016); *Moody v. Ascenda USA Inc*., Case No.: 16-cv-60364 (S.D. Fla. October 5, 2016); *Thomas v. FTS USA*, 2016 WL 3653878, at *8 (E.D. Va.

Jun. 30, 2016).

50.    Defendants' failure to make proper disclosures in the form required by 15 U.S.C. § 1681(b)(2)(A)(i) created a foreseeable risk of harm Plaintiff would be confused about the breadth and scope of the consumer report being obtained and his consent thereto.

### *Plaintiff's Second Concrete Injury under § 1681b(b)(2)(A)(i): Invasion of Privacy*

51.    Defendants invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.* F. Supp. 3d 868, 869 (N.D.Cal.2015).

52.    Plaintiff's consumer report contained a wealth of private information which Defendants had no right to access absent a specific Congressional license to do so. The report included, *inter alia*, Plaintiff's date of birth, address history, educational history, drivers' license number, driving history, partial social security numbers.    By procuring reports containing this private information and delving deep into Plaintiff's personal life without complying with the FCRA's disclosure requirements, Defendants illegally invaded Plaintiff's right to privacy.

53.    Defendant's illegal invasion into Plaintiff's privacy created a foreseeable risk of harm. Plaintiff was required to provide a blanket authorization to a broad range of individuals, employers, federal and state agencies and educational institutions to release personal and private information about him to Defendants and the screening company.

54.    Defendants created a foreseeable risk of harm that Plaintiff would believe he had

waived his rights protected under federal and state law.

55.     The forgoing violations were willful. At the time Defendants violated 15 U.S.C.

§ 1681b(b)(2)(A)(i) Defendants knew they were required to provide a stand-alone form (separate

from the employment application) prior to obtaining and then utilizing a consumer report on

Plaintiff and the Putative Class. Plaintiff's disclosure containing the illegal FCRA Disclosure

form was executed on or about June 30, 2015. A plethora of authority, including both case law

and FTC opinions, existed at the time of Defendants' violations on this very issue that held

waivers cannot be included in the FCRA forms at issue. *Speer v. Whole Food Mkt. Group, Inc.*,

2015 U.S. Dist. LEXIS 40462 (M.D. Fla. Mar. 30, 2015)(inclusion of liability release violates

FCRA);  *Milbourne v. JRK Residential Am., LLC*, 2015 U.S. Dist. LEXIS 29905, 15 (E.D. Va.

Mar. 10, 2015)*Avila v. NOW Health Group, Inc.,* No. 14-C-1551, 2014 WL 3537825, at *2 (N.D.

Ill. July 17, 2014); *Singleton v. Domino's Pizza, LLC,* No. 2012 WL 245965, at *7-9 (D.Md. Jan.

25, 2012); *Reardon v. Closetmaid Corp.,* No. 2:08-cv-1730, 2013 WL 6231606, at *10-11 (W.D.

Pa. Dec. 2, 2013) *EEOC v. Video Only, Inc.,* No. 06-1362-KI, 2008 WL 2433841, at *11 (D. Or.

June 11, 2008); FTC Staff Opinion Letter to H. Roman Leathers (Sept. 9, 1988).[1]

56.     Defendants' willful conduct is also reflected by, among other things, the

following facts:

    a.    Defendants are large corporations with access to legal advice through its own general counsels' office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    b.    Defendants knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    c.    Defendants voluntarily ran a risk of violating the law substantially greater

---

[1] *Available at* http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98.

than the risk associated with a reading that was merely careless.

57.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

58.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**WHEREFORE**,   Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    a.   Determining that this action may proceed as a class action;

    b.   Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.   Issuing proper notice to the Putative Class at Defendants' expense;

    d.   Declaring that Defendants committed multiple, separate violations of the FCRA;

    e.   Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    f.   Awarding statutory damages as provided by the FCRA, including punitive damages;

    g.   Awarding reasonable attorneys' fees and costs as provided by the FCRA;

    h.   Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

<u>**SECOND CLAIM FOR RELIEF**</u>
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15  U.S.C. § 1681b(b)(2)(A)(ii)**

59.     Plaintiff alleges and incorporates by reference the allegations in the preceding

15

paragraphs 1-44.

60.   Defendants violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

61.   The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.,* 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries,* 129 F. 3d 1293, 1307 (D.C. Cir. 1997)("[A]uthorization secured 'without disclosure of …material information' is a nullity.")

### *Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(ii): Informational Injury*

62.   Plaintiff suffered a concrete informational injury because Defendants failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure. *Church v. Accretive Health, Inc.,* 2016 U.S. App. LEXIS 12414, *1 (11th Cir. July 6, 2016); *Graham v. Pyramid Healthcare Solutions, Inc.,* Case No.: 16-cv-01324 (M.D. Fla. October 26, 2016); *Moody v. Ascenda USA Inc.,* Case No.: 16-cv-60364 (S.D. Fla. October 5, 2015). *Thomas v. FTS USA,* 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016).

63.   Pursuant to § 1681 (b)(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, Defendants injured Plaintiff and the putative class members he seeks to

16

represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998) Then 15 U.S.C. §1681b(b)(2)(A)(ii).

64.     Defendants violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(B)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment.

65.     Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A. Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

### *Plaintiffs' Second Concrete Injury under § 1681b(b)(2)(A)(ii): Invasion of Privacy*

66.     Additionally, Defendants invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).   Plaintiff's consumer report contained a wealth of private information which Defendants had no right to access absent

a specific Congressional license to do so. Without a valid stand-alone FCRA disclosure there can be no valid authorization for Defendants to access Plaintiff's consumer reports and delve deep into Plaintiff's private life. The report included, *inter alia,* Plaintiff's date of birth, address history, educational history, drivers' license numbers, driving history, partial social security numbers. By procuring reports containing this private information without complying with the FCRA's disclosure requirements, Defendants illegally invaded Plaintiff's right to privacy.

67.     The foregoing violations were willful.   At this time Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendants knew that in order for it to have authorization to obtain consumer reports on Plaintiff and the Putative Class members it was required to provide a stand-alone form prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. Plaintiff's disclosure form, which was not a stand-alone disclosure, was executed on or about June 30, 2015. A plethora of authority, including both case law, and FTC opinions, existed at the time of Defendants' violations on this very issue that held waivers of rights cannot be included in the FCRA forms at issue. *Speer v. Whole Food Mkt. Group, Inc.*, 2015 U.S. Dist. LEXIS 40462 (M.D. Fla. Mar. 30, 2015)(inclusion of liability release violates FCRA); *Milbourne v. JRK Residential Am., LLC*, 2015 U.S. Dist. LEXIS 29905, 15 (E.D. Va. Mar. 10, 2015); *Avila v. NOW Health Group, Inc.,* No. 14-C-1551, 2014 WL 3537825, at *2 (N.D. Ill. July 17, 2014); *Singleton v. Domino's Pizza, LLC,* No. 2012 WL 245965, at *7-9 (D.Md. Jan. 25, 2012); *Reardon v. Closetmaid Corp.,* No. 2:08-cv-1730, 2013 WL 6231606, at *10-11 (W.D. Pa. Dec. 2, 2013) *EEOC v. Video Only, Inc.,* No. 06-1362-KI, 2008 WL 2433841, at *11 (D. Or. June 11, 2008); FTC Staff Opinion Letter to H. Roman Leathers (Sept. 9, 1988).[2]

68.     Defendants' willful conduct is also reflected by, among other things, the following facts:

---

[2] *Available at* http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98.

a.   Defendants are large corporations with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

b.   Defendants knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

c.   Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

69.   Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

70.   Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**WHEREFORE**,   Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

a.   Determining that this action may proceed as a class action;

b.   Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.   Issuing proper notice to the Putative Class at Defendants' expense;

d.   Declaring that Defendants committed multiple, separate violations of the FCRA;

e.   Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f.   Awarding statutory damages as provided by the FCRA, including punitive damages;

g.   Awarding reasonable attorneys' fees and costs as provided by the

19

FCRA;

h.   Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## THIRD CLAIM FOR RELIEF
**Negligent Failure to Make Proper Disclosure in Violation of FCRA**
**16  U.S.C. § 1681b(b)(2)(A)(i)**

71.   Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-44.

72.   In violation of the FCRA, the *Authorization for Background Investigation* form Defendants required the Background Check Class to complete as a condition of its employment with Defendants does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendants failed to provide a stand-alone document as to the consumer report information being obtained and utilized.   Furthermore, the background check document provided by Defendants included waivers of rights afforded by state and federal statutes, which violates the FCRA.

*Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(i): Informational Injury*

73.   Pursuant to § 1681(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time he was entitled to receive it, Defendant injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins,* 524 U.S. 11 (1998).

20

74.     Defendants negligently violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment.

75.     Defendants' negligent failure to make proper disclosures in the form required by 15 U.S.C. § 1681(b)(2)(A)(i) created a foreseeable risk of harm Plaintiff would be confused about the breadth and scope of the consumer report being obtained and his consent thereto.

### *Plaintiff's Second Concrete Injury under § 1681b(b)(2)(A)(i): Invasion of Privacy*

76.     Defendants negligently invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681(b)(2).

77.     Plaintiff's consumer report contained a wealth of private information which Defendants had no right to access absent a specific Congressional license to do so. The report included, *inter alia*, Plaintiff's date of birth, address history, educational history, drivers' license number, driving history, partial social security numbers.    By procuring reports containing this private information and delving deep into Plaintiff's personal life without complying with the FCRA's disclosure requirements, Defendants illegally invaded Plaintiff's right to privacy.

78.     Defendant's illegal invasion into Plaintiff's privacy created a foreseeable risk of harm. Plaintiff was required to provide a blanket authorization to a broad range of individuals,

employers, federal and state agencies and educational institutions to release personal and private information about him to Defendants and the screening company.

79.     Defendants created a foreseeable risk of harm that Plaintiff would believe he had waived his rights protected under federal and state law.

80.     The forgoing violations were negligent. At the time Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) Defendants had a duty to Plaintiff and should have known they were required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. Defendants breached their duty.  Plaintiff and the Background Check Class are entitled to actual damages under 15 U.S.C. § 1681o.

81.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681o(b).

*WHEREFORE*,  Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

   a.  Determining that this action may proceed as a class action;

   b.  Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c.  Issuing proper notice to the Putative Class at Defendants' expense;

   d.  Declaring that Defendants committed multiple, separate violations of the FCRA;

   e.  Declaring that Defendants acted negligently in disregard of Plaintiff's rights and its obligations under the FCRA;

   f.  Awarding actual damages as provided by the FCRA, including punitive damages;

   g.  Awarding reasonable attorneys' fees and costs as provided by the FCRA;

h.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## FOURTH CLAIM FOR RELIEF
**Negligent Failure to Obtain Proper Authorization in Violation of FCRA**
**16  U.S.C. § 1681b(b)(2)(A)(ii)**

82.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-44.

83.     Defendants negligently violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

84.     The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.,* 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries,* 129 F. 3d 1293, 1307 (D.C. Cir. 1997)("[A]uthorization secured 'without disclosure of …material information' is a nullity.")

*Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(ii): Informational Injury*

85.     Pursuant to § 1681 (b)(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Defendants had a duty to  provide Plaintiff with this information before the consumer report was to be procured. By depriving Plaintiff of this information, Defendants injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998) Then 15 U.S.C. §1681b(b)(2)(A)(ii).

86.     Defendants neglegently violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(B)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment.

87.     Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A. Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

### *Plaintiffs' Second Concrete Injury under § 1681b(b)(2)(A)(ii): Invasion of Privacy*

88.     Additionally, Defendants neglegently invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2).  Defendants had a duty to provide a stand-alone disclosure document. Without a valid stand-alone FCRA disclosure there can be no valid authorization for Defendants to access Plaintiff's consumer reports and delve deep into Plaintiff's private life. The report included, *inter alia,* Plaintiff's date of birth, address history, educational history, drivers' license numbers, driving history, partial social security numbers. By procuring reports containing this private information without complying with the FCRA's disclosure requirements, Defendants

illegally invaded Plaintiff's right to privacy.

89.     The foregoing violations were negligent.  At this time Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendants owed a duty to provide a stand-alone form prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. Defendants were aware or should have been aware of such duty. Defendants breached their duty to Plaintiff.

90.     Plaintiff and the Background Check Class are entitled to actual damages under 15 U.S.C. § 1681o.

91.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681o(b).

*WHEREFORE*,   Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

  a.   Determining that this action may proceed as a class action;

  b.   Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

  c.   Issuing proper notice to the Putative Class at Defendants' expense;

  d.   Declaring that Defendants committed multiple, separate violations of the FCRA;

  e.   Declaring that Defendants acted negligently in disregard of Plaintiff's rights and its obligations under the FCRA;

  f.   Awarding actual damages as provided by the FCRA, including punitive damages;

  g.   Awarding reasonable attorneys' fees and costs as provided by the FCRA;

  h.   Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## FIFTH CLAIM FOR RELIEF

**Invasion of Privacy – Intrusion Upon Seclusion Under Florida
Common Law**

92.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-44.

93.     Defendant intentionally intruded upon Plaintiff's seclusion by knowingly obtaining a background without valid authorization that contained information about Plaintiffs personal life without following the proper procedures defined in the FCRA

94.     By Defendant failing to provide a valid stand-alone FCRA disclosure there can be no valid authorization for Defendants to access Plaintiff's consumer reports and delve deep into Plaintiff's private life.

95.     The unauthorized access of personal private information is offensive to a reasonable person.

96.     The unauthorized background check report obtained by Defendant included, *inter alia,* Plaintiff's date of birth, address history and criminal history.

97.     The Plaintiff has a right to keep information contained in his consumer report private unless Plaintiff chooses to release the information to third parties.

98.     The improper authorization obtained by Defendant resulted in the Plaintiff realizing that his privacy had been invaded after the fact.

99.     Plaintiff is entitled to damages consisting of emotional distress, injury to reputation, punitive damages, and other and further relief, in law or equity, as this court may deem appropriate and just.

***WHEREFORE***,  Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

a. Determining that this action may proceed as a class action;

26

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.     Issuing proper notice to the Putative Class at Defendants' expense;

d.     Declaring that Defendants committed multiple, separate violations of the FCRA;

e.     Declaring that Defendants acted negligently in disregard of Plaintiff's rights and its obligations under the FCRA;

f.     Awarding damages for violation of Plaintiff's privacy rights, injury to professional reputations and compensatory damages.

g.     Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury.

Dated this 31st day of August, 2017

**MORGAN & MORGAN**

**/s/ Marc R. Edelman**
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY that on this 31st day of August, 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to: Geddes D. Anderson, Jr., Esq. and Lawton R. Graves, Esq., of Murphy & Anderson, P.A. 1501 San Marco Blvd., Jacksonville, FL 32207. ganderson@murphyandersonlaw.com and lgraves@murphyandersonlaw.com

**MORGAN & MORGAN, P.A**.

**/s/ *Marc R. Edelman***
MARC R. EDELMAN, ESQ.