Exhibit 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK COLES, on behalf of himself and on
behalf of all others similarly situated,

      Plaintiffs,

                                    Case No. 8:17-cv-829-T-17-AEP

v.

STATESERV MEDICAL OF FLORIDA, LLC,
THE STATESERV COMPANIES, LLC, and
STATESERV MEDICAL, LLC,

      Defendants.
_____ /

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between Plaintiff Derrick Coles, as representative of the Settlement Class Members as defined below, and Defendants StateServ Medical of Florida, LLC, The StateServe Companies, LLC, and StateServ Medical LLC. This Class Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

## RECITALS

WHEREAS, on April 13, 2017, Plaintiff commenced the above styled lawsuit. Plaintiff alleged that Defendants willfully failed to comply with the disclosure and authorization requirements in 15 U.S.C. 1681b(b)(2) prior to obtaining a consumer report about him for employment purposes; and

WHEREAS, on December ___, 2017, the Court granted Plaintiff's Motion for Class Certification certifying a defined Class as:

> All employees and job applicants of StateServ Medical of Florida, LLC, The StateServ Companies, LLC, StateServ Medical LLC, and any of their affiliates, related companies, agents and owners (the "StateServ Entities"), who were the subject of a consumer report procured by StateServ Medical of Florida, LLC, The StateServe Companies, LLC, or StateServ Medical LLC ("Defendants") within five years of the filing of the complaint through the date of final judgment based upon disclosure authorization forms substantially similar to **Exhibits A and B**.

WHEREAS, in the Court's Order, the Court appointed Derrick Coles as class representative; and

WHEREAS, throughout the course of the case, the Parties engaged in informal discovery related to the issues and have exchanged their respective positions with respect to the merits of case; and

WHEREAS, the Parties are willing to enter into this Settlement Agreement to settle the claims of Plaintiff and Settlement Class Members because of, among other reasons, the attendant expense, risks, difficulties, delays, and uncertainties of continued litigation; and

WHEREAS, Plaintiff and Settlement Class Counsel believe that this Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class Members and it is in the best interest of the Settlement Class Members for the Litigation to be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court; and

WHEREAS, Defendants deny all claims asserted against it in the Litigation, deny that class certification would be appropriate if the cases were litigated rather than settled, deny all allegations of wrongdoing and liability, and deny that anyone was harmed by the conduct alleged, but nevertheless desires to settle the claims of Plaintiff and Settlement Class Members on the terms

and conditions set forth in this Settlement Agreement solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing the proceedings on those issues in the Litigation and fully, finally, and forever putting to rest the controversies engendered;

NOW THEREFORE, IT IS AGREED, by and among the Parties, without (a) any admission or concession of the lack of merit of the Litigation whatsoever on the part of Plaintiff, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendant, that the Litigation and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court.

## I.      DEFINITIONS

As used in this Settlement Agreement, the terms defined below shall have the meanings assigned to them when capitalized in the same fashion as in this Part I.  Any other terms that relate to the consumer reporting industry shall have the customary meaning accorded to those terms in the consumer reporting industry.

**1.1**      "Settlement Class Members" shall mean those persons defined by the Court in its Order certifying the class, more fully defined below.

**1.2**      "Attorneys' Fees" means the attorneys' fees and expenses applied for by Settlement Class Counsel relating to this Settlement Agreement and approved by the Court.

**1.3**      "Class Settlement Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

**1.4**      "Consumer" means a natural person residing in the United States of America or its territories.

**1.5**      "Court" means the United States District Court for the Middle District of Florida.

3

**1.6**     "Defendants" means StateServ Medical of Florida, LLC, The StateServe Companies, LLC, and StateServ Medical LLC.

**1.7**     "Defendants' Counsel" means Murphy & Anderson, P.A.

**1.8**     "Effective Date" means the tenth business day following preliminary approval of the settlement by the Court.

**1.9**     "FCRA" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and any subsequent amendments thereto.

**1.10**     "FCRA State Equivalents" means any statute, regulation, or common law rule of any state, U.S. territory, the District of Columbia, or Puerto Rico, that has the purpose or effect of regulating the collection, reporting, or use of consumer information, background investigations, background checks, and related actions.

**1.11**     "Final Approval" means the approval of the Settlement Agreement by the Court at or after the Final Approval Hearing, and entry on the Court's docket of the Final Approval Order.

**1.12**     "Final Approval Order" means a final order and judgment entered by the Court giving Final Approval to the Settlement Agreement and dismissing with prejudice Plaintiff's claims and entering a judgment substantially in accordance with the terms set forth in this Settlement Agreement.

**1.13**     "Final Approval Hearing" or "Final Fairness Hearing" means the hearing at which the Court will consider and finally decide whether to approve this Settlement, enter the Final Approval Order, and make such other rulings as are contemplated by this Settlement.  The Final Approval Hearing shall not be scheduled for a date less than 90 days following the mailing of Class Notice as set forth in Section 4.2.3

**1.14**     "Litigation" means the above styled litigation pending in the Middle District of Florida.

4

**1.15** "Notice" means the notice (in a form substantially similar to that attached hereto as **Exhibit A** and approved by the Court) that will be mailed to the proposed Settlement Class Members pursuant to the Notice Plan.

**1.16** "Named Plaintiff" means the Plaintiff named in the Litigation.

**1.17** "Notice and Administration Expenses" means the fees, costs, and expenses incurred by the Settlement Administrator in order to carry out its obligations under this Settlement Agreement.

**1.18** "Notice Plan" means the plan for disseminating notice to proposed Settlement Class Members as described in Sections 4.1 and 4.2 hereof.

**1.19** "Parties" means Plaintiff and Defendants.

**1.20** "Payment Notice" means the notice sent to Settlement Class Members at the time of payment pursuant to Subsection 7.2 of this Settlement Agreement.

**1.21** "Preliminary Approval" means preliminary approval of the Settlement Agreement by the Court, and approval of the method and content of notice to the Settlement Class.

**1.22** "Preliminary Approval Order" means the order entered by the Court granting Preliminary Approval.

**1.23** "Released Parties" means and refers to StateServ Medical of Florida, LLC, The StateServe Companies, LLC, StateServ Medical LLC, and its/their respective present, former and future affiliates, divisions, parents, subsidiaries, corporate family members, insurers, indemnitors, officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, vendors, related companies, owners, and assigns, individually, jointly and severally.

**1.24**   "Settlement" means the agreement between the Named Plaintiff (on behalf of himself and as proposed representative of the Settlement Class Members) and Defendants to settle and compromise Named Plaintiff's and the Settlement Class Members' claims in the Litigation, as memorialized in this Settlement Agreement and the accompanying documents attached hereto, fully, finally and forever.

**1.25**   "Settlement Administrator" means Signal Interactive Media, LLC.

**1.26**   "Settlement Class Counsel" or "Class Counsel" means Marc Edelman of Morgan & Morgan.

**1.27**   "Settlement Fund" means the total gross amount of ONE HUNDRED SEVENTY-TWO THOUSAND FIVE HUNDRED DOLLARS AND NO/100 ($172,500.00) which Defendants will pay into a common fund.  The Settlement Fund shall be established and maintained by the Settlement Administrator as a Qualified Settlement Fund as defined by 26 U.S.C. § 468B and the corresponding IRS regulations.  The Settlement Fund includes all attorneys' fees related to this Action and any service award to the Class Representative all as approved by the Court.  There shall be no reversion of the Settlement Fund to Defendants.  Unclaimed Settlement Funds will be distributed *cy pres* to the Cornerstone Hospice Foundation as set forth in Section 7.2 below.

**1.28**   "Net Settlement Fund" means the amount of money remaining after the Settlement Fund is reduced by the following amounts: a) the service award to the Named Plaintiffs approved by the Court; b) notice and administration expenses; and c) the reasonable attorneys' fees to Class Counsel approved by the Court.

## II.   NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION

**2.1**   DEFENDANTS' DENIAL OF WRONGDOING OR LIABILITY:  Defendants have asserted and continue to assert many defenses in this Litigation and have expressly denied and continue to deny

any fault, wrongdoing or liability whatsoever arising out of the conduct alleged in the Litigation. Defendants expressly deny any fault, wrongdoing or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Litigation. The Parties expressly acknowledge and agree that neither the fact of, nor any provision contained in, this Settlement Agreement, nor any of the implementing documents or actions taken under them, nor Defendants' willingness to enter into this Settlement Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement shall constitute or be construed as an admission by or against Defendants or any of the Released Parties of any fault, wrongdoing, violation of law or liability whatsoever, the validity of any claim or fact alleged in the Litigation, or any infirmity of any defenses asserted by Defendants in the Litigation.

2.2     NO ADMISSION BY DEFENDANTS OF ELEMENTS OF CLASS CERTIFICATION:  Defendants deny that a litigation class was properly certified other than for purposes of this Settlement and reserve its rights to continue to contest class certification. Furthermore, nothing in this Settlement Agreement shall prevent Defendants from seeking decertification of the certified classes if Final Approval of this Settlement is not obtained, or not upheld on appeal, including review by the United States Court of Appeals for the Eleventh Circuit.

## III.   MOTION FOR PRELIMINARY APPROVAL

3.1     On or before December 8, 2017, Settlement Class Counsel shall file this Settlement Agreement with the Court together with a Joint Motion for Preliminary Approval that seeks entry of an order that would, for settlement purposes only: (i) preliminarily approve this proposed Settlement Agreement; (ii) approve the proposed Notices to the proposed Settlement Class Members in a form substantially similar to that attached hereto as **Exhibit A**; (iii) certify the Named Plaintiff as representative of the Settlement Class; (iv) appoint Settlement Class Counsel;

and, (v) appoint the Settlement Administrator.  Defendants' Counsel will cause to be hired Signal Interactive Media, LLC as the Settlement Administrator, who shall be paid out of the settlement funds.

**3.2**      In the event that the Court does not enter a Preliminary Approval Order, the parties will work in good faith to resolve the deficiencies for purposes of obtaining a Preliminary Approval Order.  If the parties cannot resolve the deficiencies, the parties shall be returned to their prior positions in the action.

## IV.    NOTICE PLAN

### 4.1    PREPARATION AND PRODUCTION OF SETTLEMENT CLASS LISTS

4.1.1.1      Defendants' Counsel shall provide the proposed lists of class members to Plaintiffs' Counsel for review on or before December 15, 2017. The Parties shall resolve any disputes regarding the Class Lists on or before December 20, 2017. Any disputes shall be resolved by the Court at the hearing for Preliminary Approval, or on the papers if no hearing is held. Within seven business days of reaching agreement on the Class Lists, Defendants' Counsel shall provide the lists to the Settlement Administrator.

4.1.2      The Parties agree that there are approximately **541** Settlement Class Members. These estimates constitute a material term of the Settlement and are the result of pre-certification discovery between the parties.

### 4.2    NOTICE PROCESS

4.2.1      For purposes of providing court-approved class notices and establishing that the best practicable notice has been given, the provision of class notice will be accomplished in accordance with the following provisions.

4.2.2    The members of the Settlement Class shall receive the notice attached hereto as **Exhibit A**.

4.2.3    **Mail Notice**

Within seven (7) business days following Preliminary Approval, the Settlement Administrator shall cause the Notice to be sent via first-class U.S. mail, postage prepaid, to all Settlement Class Members.   Prior to sending the Notice, the Settlement Administrator shall update mailing addresses through the USPS National Change of Address database and utilize a "best practices" address verification resource to identify missing addresses.   For up to thirty (30) days following mailing of the Notice, the Settlement Administrator will re-mail the Notice via first-class U.S. mail, postage prepaid, to updated addresses of Consumers identified on the Settlement Class lists to the extent that the Settlement Administrator receives address change notifications from the U.S. Postal Service or is otherwise reasonably able to obtain an updated address.   Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the mailing of the Notice to be filed with the Court.

Neither the Parties nor the Settlement Administrator shall have any further obligation to send notice of the Settlement to proposed Settlement Class Members.

4.2.4    **Internet Settlement Website**

The Settlement Administrator shall establish an Internet website containing information about the Settlement.   The Settlement Website will be accessible no later than three (3) days prior to the mailing of the Mail Notice described above. The Settlement Website will set forth the following information: (i) the full text of

the Settlement Agreement; (ii) the Notice; (iii) the Preliminary Approval Order and other relevant orders of the Court; (iv) with the consent of Defendants (which shall not be unreasonably withheld), other documents and information determined in good faith by Settlement Class Counsel to be reasonably necessary for effectuating of this settlement and notice process; (v) if the Settlement is terminated, a notice approved by the Parties notifying Settlement Class Members of such termination; and (vi) contact information for Settlement Class Counsel and the Settlement Administrator. Any language or information appearing on the website in addition to the above-listed documents shall appear only with the prior consent of all the Parties.  Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Settlement Website to be filed with the Court.  Any disputes under this Subsection shall be resolved by the Court, without right of appeal

4.2.5    **Telephone Assistance Program**

The Settlement Administrator shall establish a toll-free telephone number, which will be staffed by the Settlement Administrator, to answer questions from Settlement Class Members.  The toll-free number will provide access to live support, a voice response unit ("VRU"), or a combination of live support and VRU. It shall also offer a Spanish language alternative number and VRU.  Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Telephone Assistance Program to be filed with the Court.  The telephone assistance program described in

this Subsection shall be maintained by the Settlement Administrator until sixty (60)

days following the mailing of the last Payment Notice, pursuant to Subsection 7.2.

4.2.6     **Notice Under Class Action Fairness Act of 2005 ("CAFA Notice")**

Defendants will send CAFA Notice in accordance with 28 U.S.C. § 1715(a) not

later than ten (10) business days after the filing of the Joint Motion for Preliminary

Approval is filed with the Court.  Defendants will bear the cost associated with

sending CAFA Notice.  Defendants shall file with the Court a certification of the

date upon which the CAFA Notice was served.

## V.     PROCEDURES FOR CLAIMS, OPT-OUTS AND OBJECTIONS

### 5.1     OPT-OUT PROCEDURES

The Notice shall contain information about how a Settlement Class Member may opt out

of the Settlement, as well as the potential implications of doing so, including that opting out may

preclude later participation in any class action against the Released Parties.

5.1.1     A proposed Settlement Class Member may request to be excluded from the

Settlement Class by sending a written request for exclusion to "Exclusion Requests

— *Coles v. StateServ* Settlement Administrator" to the address for the Settlement

Administrator provided in the Notice.  The proposed Settlement Class Member's

opt-out request must contain the Opt-Out's original signature, current postal

address and telephone number, the last four digits of the Opt-Out's Social Security

number, and a specific statement that the proposed Settlement Class Member wants

to be excluded from the Settlement Class. Opt-out requests must be postmarked no

later than sixty (60) after the mailing date of the Notice.

5.1.2     In no event shall Settlement Class Members as a group, aggregate, or class

involving more than one individual be considered valid opt-outs.

5.1.3     Requests for exclusion that do not comply with Subsections 5.2 are invalid.

**5.2     LIST OF OPT OUTS**

No later than five (5) business days after the deadline for submission of opt-out requests, the Settlement Administrator shall provide to Settlement Class Counsel and Defendants' Counsel a complete list of all proposed Disclosure Settlement Class Members sure Settlement Class Members who have properly opted out of the Settlement together with copies of the opt-out requests.

**5.3     REPRESENTATION OF OPT-OUTS**

Settlement Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Settlement Class Counsel agree that Consumers who seek to opt-out should be represented by counsel who do not agree that the Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Class Counsel acknowledges that this creates a conflict of interest pursuant to the applicable state bar association rules of ethics and professional responsibility.  Accordingly, in light of this conflict, Settlement Class Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against the Released Parties.

**5.4     OBJECTIONS FROM SETTLEMENT CLASS MEMBERS**

Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Notice, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and containing the objecting Settlement Class Member's signed verification of membership in the

12

Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Settlement Class Counsel and Defendants' Counsel at the addresses provided in the Notice.  Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing.  Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend to appear at the Final Fairness Hearing.  Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

## VI.    FINAL FAIRNESS HEARING AND FINAL APPROVAL

### 6.1    FINAL FAIRNESS HEARING

The Parties will jointly request that the Court hold the Final Fairness Hearing to consider approval of the Settlement of the Litigation as provided for herein approximately one hundred (100) days after Preliminary Approval but in no event earlier than ninety (90) days after CAFA Notice is served.  On or before a date at least ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a joint motion for entry of the Final Approval Order.  The Parties agree that the Final Approval Order constitutes a final judgment dismissing the Litigation with prejudice.

### 6.2    FINAL APPROVAL

All relief contemplated by this Settlement Agreement is expressly contingent upon the Settlement Agreement receiving the Court's Final Approval.

## VII.    SETTLEMENT FUND

### 7.1    CREATION OF AND DEPOSIT INTO SETTLEMENT FUND

13

7.1.1     Within twenty (20) business days following Preliminary Approval, Defendants shall deposit or cause to be deposited, with the Settlement Administrator, by draft or by wire an amount equal to the sum of ONE HUNDRED SEVENTY-TWO THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($172,500.00). Settlement Class Counsel and Defendants' Counsel shall direct the Settlement Administrator to make distributions from the Settlement Fund only in accordance with this Settlement Agreement.  No funds shall be distributed or paid by the Settlement Administrator without written confirmation from both Settlement Class Counsel and Defendants' Counsel.  The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government.  Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class Members in the event this Settlement Agreement is not terminated by Defendants and the Effective Date otherwise occurs.

**7.2     USE AND DISTRIBUTION OF SETTLEMENT FUND**

7.2.1     Each member of the Settlement Class shall be entitled to pro rata distribution per class member as of the Effective Date of this settlement by the Settlement Administrator.

7.2.2     In exchange for the releases and waivers of claims described below, members of the Settlement Class shall each be entitled to receive from the Net Settlement Fund a payment.  Payments shall be calculated by and be distributed by the Settlement Administrator as follows: one hundred (100%) percent of the Net Settlement Fund

14

shall be distributed to Class Members on a pro rata basis.

7.2.3    Any unclaimed sums remaining in the net settlement fund revert  in equal amounts to the cy pres recipients, "Cornerstone Hospice Foundation" and "Lions Eye Institute Foundation"

7.2.4    Named Plaintiff of this Action shall be entitled to FOUR THOUSAND DOLLARS AND NO/100 ($4,000.00), of the Settlement Funds as of the Effective Date of this Settlement by the Settlement Administrator.

7.2.5    Within ten (10) business days after Final Approval Order, the Settlement Administrator shall mail Payment Notices and settlement checks in accordance with paragraph 7.2.1 via U.S. Mail.  The Payment Notices accompanying the settlement checks shall notify the recipients that the checks must be cashed within forty-five (45) days from the date on the Payment Notice and that the enclosed check shall not be valid after that date.  Forty-five (45) days after the date on the Payment Notice, if the check has not been deposited or cashed, the amount of the check shall remain in the Settlement Fund for further distribution pursuant to this Settlement Agreement.

7.2.6    **TAXES AND TAX EXPENSES.**  Taxes and Tax Expenses, if any, shall be paid by the Settlement Administrator as an expense of notice and administration.

7.2.7    **ATTORNEYS' FEES AND COSTS**.  The Parties agree that the appropriate and reasonable attorneys' fee and litigation costs award to Class Counsel is should be calculated as a percentage of the Common Fund, not to exceed thirty-three and one third (33.33%) percent.  The Parties stipulate and agree that based on the procedural posture of the case at the time of settlement, this amount is an appropriate and

15

reasonable attorneys fee and litigation costs award.

7.2.8    Class Counsel may apply to the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund.  The application for attorneys' fees and costs shall be a percentage of the common fund not to exceed thirty-three and one third (33.33%) percent.    Defendants agree not to oppose the Named Plaintiff's entitlement to attorneys' fees to the extent they are consistent with these limitations.

**7.3    NOTICE AND ADMINISTRATION EXPENSES**

7.3.1    The Parties have estimated that Notice and Administration Expenses will be less than TWELVE THOUSAND FIVE HUNDRED AND NO/100 ($12,500.00), in addition to any expense incurred in creating the Settlement Class list.  The Parties have agreed that this shall be paid from the Settlement Fund.

**VIII.   RELEASE OF CLAIMS**

**8.1**    Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Settlement Class Members, including the persons who did not validly opt out of the Settlement and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf (including the government in its capacity as *parens patriae*) completely, finally and forever release and discharge the Released Parties of and from any claim under the FCRA, and any similar state or federal statutes or laws referring or relating to the use of background investigations or background checks.  The claims are released regardless of whether they are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

**8.2**      California Civil Code Section 1542.  The Parties agree that in exchange for good and valuable consideration, the Named Plaintiff and all Settlement Class Members waive any and all rights or benefits that they as individuals or the Settlement Class may have under California Civil Code Section 1542 and any similar or comparable provisions, rights, and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law.  California Civil Code Section 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HE FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## IX.   TERMINATION AND SUSPENSION

### 9.1   Rights to Terminate Agreement

Defendants' willingness to settle this Litigation on a class-action basis is dependent upon achieving finality in this Litigation and avoiding the expense of this and other litigation. Consequently, either party shall have the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement if any of the following conditions subsequently occurs:

(a)      The Court fails or declines to grant Preliminary Approval;

(b)      The estimates of Settlement Class Members stated herein increases by more than 10%, unless Defendants elect to make a proportionate increase in the amount it deposits or causes to be deposited into the Settlement Fund;

(c)      Final Approval does not occur for any reason, including the entry of an order by any court that would require either material modification or termination of

17

the Settlement.

(d)    In addition, Defendants shall have the unilateral right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement if more than 20% of the proposed Settlement Class Members request to opt-out of the Settlement.

**9.2**    The failure of any Court to approve the Attorneys' Fees in the requested amount, or any amounts whatsoever, shall not be grounds for Named Plaintiff or Settlement Class Counsel to terminate this Settlement Agreement.

**9.3**    PROCEDURE FOR TERMINATING AGREEMENT

To terminate this Settlement Agreement, Defendants or Defendants' Counsel shall provide written notice of termination to Settlement Class Counsel via e-mail and first-class U.S. Mail. Termination of this Settlement Agreement shall become effective on the date such written notice is provided via e-mail.

**9.4**    EFFECT OF TERMINATION ON THIS OR FUTURE LITIGATION

If this Settlement Agreement is terminated:

(a)    Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Settlement Agreement set aside, withdrawn, and stricken from the record;

(b)    The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

(c)    The Parties shall stand in the same procedural position as if the Settlement

Agreement had not been negotiated, made, or filed with the Court.

**9.5    EFFECT ON MONIES PAID PURSUANT TO SETTLEMENT AGREEMENT**

If this Settlement Agreement is terminated or the Effective Date otherwise does not occur,

the Settlement Fund, including interest earned but less Taxes and Tax Expenses, if any, that have

been properly disbursed pursuant to this Settlement Agreement, shall be returned directly to

Defendants or their designee(s) within five (5) days of notification by Defendants.

**X.    MISCELLANEOUS PROVISIONS**

**10.1    PUBLIC STATEMENTS**

Settlement Class Counsel agrees to make no statements, directly or indirectly, to any media

source, including but not limited to press releases, concerning the Settlement prior to the

Preliminary Approval Hearing.

**10.2    ADMISSIBILITY OF SETTLEMENT AGREEMENT**

This Settlement Agreement shall not be offered or be admissible in evidence in any action

or proceeding except (1) the hearings necessary to obtain and implement Court approval of this

Settlement; or (2) any hearing to enforce the terms of this Settlement Agreement or any related

order by the Court.

**10.3    SUCCESSORS AND ASSIGNS**

The terms of this Settlement Agreement shall apply to and bind the Parties as well as their

heirs, successors and assigns.

**10.4    COMMUNICATIONS WITH PARTIES RELATING TO SETTLEMENT AGREEMENT**

All notices, requests for consent, and other formal communications under this Settlement

Agreement shall be in writing and sent by mail to counsel for the Party to whom the notice is

directed at the following addresses:

If to Plaintiff:

> Marc Edelman
> Morgan & Morgan, P.A.
> 201 N. Franklin Street, #700
> Tampa, FL 33602

If to Defendants:

> Geddes D. Anderson, Jr. or Lawton R. Graves
> Murphy & Anderson, P.A.
> 1501 San Marco Blvd.
> Jacksonville, FL 32207

Any Party may, by written notice to all the other Parties, change its designated recipient(s) or notice address provided above.

**10.5   DEFENDANTS' COMMUNICATIONS IN THE ORDINARY COURSE OF BUSINESS**

Defendants reserve the right to continue communicating with their employees, or prospective employees, including Settlement Class Members, in the ordinary course of business. To the extent Class Members initiate communications regarding this Settlement Agreement, Defendants and its counsel may confirm the fact of a settlement and refer inquiries to the Settlement Administrator.

**10.6   BEST REASONABLE EFFORTS AND MUTUAL FULL COOPERATION**

The Parties and their counsel agree to fully cooperate with one another to accomplish the terms of this Agreement, and in seeking Court approval for this Settlement Agreement and to use their best efforts to effect the consummation of the Settlement and to protect the Settlement Agreement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to facts or claims alleged in the Litigation, if so required.

**10.7    DISPUTES BETWEEN PARTIES RELATING TO THE SETTLEMENT AGREEMENT**

To the extent any disputes or issues arise with respect to documenting or effecting the Settlement Agreement, the Parties agree to use their best efforts to informally resolve any such disputes or issues; but in the event any such dispute or issue cannot be resolved informally, to bring any such dispute or issue to the Court for resolution.

**10.8    ENTIRE AND VOLUNTARY AGREEMENT**

The Parties intend the Settlement Agreement to be a final and complete resolution of the Litigation.  The Parties agree that the terms of the Settlement Agreement were negotiated at arm's length and in good faith and were reached voluntarily after consultation with competent legal counsel.  There shall be no presumption for or against any Party that drafted all or any portion of this Settlement Agreement.  This Settlement Agreement contains the entire agreement and understanding concerning the subject matter between the Parties and supersedes all prior negotiations and proposals, whether written or oral.  No other party or any agent or attorney of any other party has made any promise, representation or warranty whatsoever not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement to induce Plaintiff or Settlement Class Counsel to execute the same.  The Parties represent that they have not executed this Settlement Agreement or the other documents in reliance on any promise, representation or warranty not contained or referred to in this Settlement Agreement.

**10.9    HEADINGS FOR CONVENIENCE ONLY**

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

**10.10   AMENDMENTS**

The Settlement Agreement may be amended or modified only by a written instrument signed by Defendants and Settlement Class Counsel, or their respective successors-in-interest.

**10.11   AUTHORIZATION OF COUNSEL**

Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff and the Settlement Class Members to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class that they deem necessary or appropriate.  Each attorney or other person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such attorney or other person has the full authority to do so.

**10.12   CONFIDENTIALITY**

All agreements made and Orders entered during the course of the Litigation relating to the confidentiality of information, including any Stipulated Protective Order entered by the Court, shall survive this Settlement Agreement.

**10.13   COURT'S JURISDICTION**

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement.

**10.14   CONSTRUCTION**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement.  Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any of the Parties.  Before declaring any provision of this Settlement Agreement invalid, a court should first attempt to construe the provision valid to the fullest extent

possible consistent with applicable precedent so as to find all provisions of this Settlement Agreement valid and enforceable.

**10.15   NO CLAIMS ARISING FROM THIS SETTLEMENT AGREEMENT**

No person shall have any claim against any Released Party or counsel for any Released Party, Named Plaintiff, or Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Settlement Agreement or any Settlement Agreement-related order(s) of the Court.

**10.16   SEVERABILITY**

Should the Court reject or otherwise refuse to approve any of the provisions of this Settlement, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect to the extent legally possible.

**10.17   APPLICABLE LAW**

This Settlement Agreement shall, in all respects, be interpreted, construed and governed by and under the laws of the United States of America.  To the extent state law applies for any reason, the laws of the State of Florida shall be applied.  All judicial proceedings regarding this Settlement Agreement shall be brought only in the Court.  Any notice period set forth in this Settlement Agreement shall be calculated pursuant to the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Middle District of Florida.

**10.18   COUNTERPARTS**

This Settlement Agreement may be executed in one or more counterparts and by facsimile or scanned e-mail.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

IN WITNESS THEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and Release to be executed by their duly authorized representative.

/s/ *Marc Reed Edelman*
Marc Reed Edelman
Florida Bar No: 96342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, #700
Tampa, FL 33602-5157
Telephone: 813-223-5505
Facsimile:  813-257-0572
medelman@forthepeople.com

*Attorney for Plaintiff*

/s/ *Geddes D. Anderson, Jr.*
Geddes D. Anderson, Jr.
Florida Bar No.: 0138894
Lawton R. Graves
Florida Bar No: 0086935
MURPHY & ANDERSON, P.A.
1501 San Marco Blvd.
Jacksonville, FL 32207
Telephone: (904) 598-9282
Facsimile: (904) 598-9283
ganderson@murphyandersonlaw.com
lgraves@murphyandersonlaw.com

*Attorneys for Defendants StateServ Medical of Florida, LLC, The StateServe Companies, LLC, and StateServ Medical LLC*

24

# Exhibit A

*A court authorized this notice.  This is not a solicitation from a lawyer.*

<u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**IF STATESERV MEDICAL OF FLORIDA, LLC, THE STATESERVE COMPANIES, LLC, OR STATESERV MEDICAL LLC OBTAINED YOUR CONSUMER REPORT (BACKGROUND CHECK) FROM APRIL 18, 2012 THROUGH APRIL 18, 2017, FOR A JOB APPLICATION, YOU COULD RECEIVE $100.00 FROM A CLASS ACTION SETTLEMENT.**

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT.  PLEASE READ THIS NOTICE CAREFULLY.  IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

| | YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing, you will be releasing your claims and you will receive a check in the amount of approximately $185.00.  The Full Release and Released Parties are available on the Settlement Website, [WEB ADDRESS] |
| **IF YOU EXCLUDE YOUSRSELF FROM THE SETTLEMENT** | You have the right to exclude yourself from the settlement completely ("opt out").  You can opt out by following the instructions on the Settlement website.  You will not receive any monetary payments from the Settlement.  You will not have any right to object, but you will not be bound by the terms of this Settlement and will retain your right to file your own lawsuit. The opt out deadline is _____, 2018. |

If you do not exclude yourself, you may object to the settlement.  You can remain in the Settlement Class but file written objections to the Settlement.  The Court will consider the objections in deciding whether to approve the Settlement.  Instructions for mailing an objection are on the Settlement Website.  If the Settlement is approved, you will not be able to sue StateServ for claims relating to StateServ's employment background check when you applied for a job.

**What is this lawsuit about?**

This lawsuit was filed on April 18, 2017, in the United States District Court for the Middle District of Florida. Derrick Coles (the "Plaintiff"), sued StateServ Medical of Florida, LLC, The StateServe Companies, LLC, and StateServ Medical LLC (collectively, "StateServ") in this class action case (*Coles v. StateServ Medical of Florida, LLC et al., 8:17-CV-829-EAK-AEP)* alleging that it violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681b(b)(2), because it did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consisted solely of the disclosure. Plaintiff alleged that the authorization forms that StateServ used included information in addition to that permitted by the law and therefore was not a disclosure that consisted solely of the disclosure.  StateServ contends that its procedures did not violate the FCRA, and did not willfully violate the FCRA.

This "Disclosure Settlement Class" is defined to include:

> All employees and job applicants of StateServ Medical of Florida, LLC, The StateServe Companies, LLC, StateServ Medical LLC, and any of their affiliates, related companies, agents and owners (the "StateServ Entities"), who were the subject of a consumer report procured by StateServ Medical of Florida, LLC, The StateServe Companies, LLC, or StateServ Medical LLC ("Defendants") within five years of the filing of the complaint through the date of final judgment based upon disclosure authorization forms substantially similar to Exhibits A and B.

**Who are the Attorneys representing the Class and how will they be paid?**

The Court has appointed lawyers to represent the Class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the Class are:

**Marc Edelman**
**Morgan & Morgan, P.A.**
**201 N. Franklin Street, Floor 7**
**Tampa, FL 33602-5157**

Subject to the Court's approval, all reasonable attorneys' fees, costs, and expenses will be paid from the Gross Settlement Fund in an amount to be determined by the Court and not to exceed 33.33% of the Gross Settlement Fund.  Derrick Coles may also ask the Court for a Service award up to $4,000.00.  To the extent there are funds remaining in the Class Settlement Fund after the Settlement Checks are distributed and the time to cash the checks has expired, any uncashed funds will be donated to Cornerstone Hospice Foundation.

**What rights am I giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or file a lawsuit against StateServ regarding the legal issues that were raised or could have been raised in this case.  Giving up your legal claims is called a release.  The released parties collectively include StateServ Medical of Florida, LLC, The StateServe Companies, LLC, StateServ Medical LLC, and its/their respective parents and related companies, principals and agents.  You will be releasing these parties from all claims relating to StateServ's employment background check when you applied for a job at StateServ or one of its related companies.

**If I chose to do so, how do I exclude myself from the settlement?**

If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at: _____

Your request for exclusion must be in writing and postmarked on or before _____, 2018.  The request must state: "I do not want to be part of the Class in *Coles v. StateServ Medical of Florida, LLC et al., 8:17-CV-829-EAK-AEP*."  The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified. However, if you have a new address, please inform us of the new address so we can make the change in the Class List.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on _____2018, at _____a.m./p.m..  The hearing will be held in the United States Federal Courthouse for the Middle District of Florida, located in Tampa, Florida.  At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate.  The Court will hear objections to the settlement, if any.  We do not know how long the Court will take to make its decision.  In addition, the hearing may be continued at any time by the Court without further notice to you.

**Where can I get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit.  Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website _____.