UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK COLES, on behalf of himself and
on behalf of all others similarly situated,

                Plaintiffs,

v.                                                  Case No. 8:17-cv-829-T-17-AEP

STATESERV MEDICAL OF FLORIDA,
LLC, THE STATESERV COMPANIES,
LLC, and STATESERV MEDICAL, LLC,

                Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Plaintiff's Unopposed Motion for Class Certification (Doc. 38). The Court, having reviewed the pleadings, and being otherwise advised in the premises, concludes that Plaintiff's Unopposed Motion for Class Certification should be granted.

## **BACKGROUND**

This is a putative class action brought under the Fair Credit Reporting Act ("FCRA"). According to the Amended Complaint (Doc. 28), in June 2015, Plaintiff Derrick Coles applied for employment with one or more of Defendants. Defendants offered Plaintiff employment, subject to Plaintiff's successful completion of a background check. Thereafter, Defendants obtained Plaintiff's background check from a consumer reporting agency.

Counts I and II of the Amended Complaint allege, in relevant part, that the disclosure forms Plaintiff and the other putative class members executed to authorize Defendants to obtain a background report as part of the employment process failed to comply with 15 U.S.C. §

1681b(b)(2)(A)'s requirement of a stand-alone disclosure. Specifically, under the FCRA, an employer must disclose to a job seeker that "a consumer report may be obtained for employment purposes" and must obtain authorization from a consumer before procuring her consumer report. *See* 15 U.S.C. § 1681b(b)(2). To ensure that prospective employees are adequately informed about their rights concerning these consumer reports, the FCRA requires that this information be provided "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i). This is commonly known as the "stand-alone disclosure requirement."

With respect to the violations of § 1681b(b)(2)(A)(i), Plaintiff alleges that Defendants provided Plaintiff and other putative class members forms titled "Authorization for Background Investigation" and/or "Criminal Background Check & Reference Check Authorization Form, FCRA Disclosure & Authorization" (the "Disclosure Forms"). Plaintiff alleges that the Disclosure Forms violated the FCRA by containing extraneous information. As a result of these violations, Plaintiff's second class claim alleges that, in addition to 15 U.S.C. § 1681b(b)(2)(A)(i), Defendants also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization.

Plaintiff requests, in relevant part, statutory damages under the FCRA based on Defendants' willful violations of the stand-alone disclosure requirement. With respect to the injury suffered, Plaintiff alleges that he and the putative class suffered a concrete harm because they were deprived of a disclosure that complied with the FCRA's requirements. Plaintiff also contends that Defendants' failure to provide a stand-alone disclosure invaded Plaintiff's and the putative class members' privacy because Defendants obtained a consumer report that they were not legally entitled to under the FCRA.

2

# DISCUSSION

## I. Plaintiff's Motion for Rule 23 Class Certification

### A. Standard of Review

A district court maintains broad discretion in determining whether to certify a class. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). However, a district court may certify a class action only if the named plaintiff has standing and has met the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350-51 (2011); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009); *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1321 (11th Cir. 2008). Given the allegations discussed above, the Court concludes that Plaintiff has adequate standing to assert the class claims.

Having established standing, the inquiry turns to whether Plaintiff met the requirements of Rule 23. As a threshold issue, Plaintiff must demonstrate that the proposed class is "adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (citations and internal quotation marks omitted). Assuming the class is ascertainable, Plaintiff must then prove that there are "*in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation as required by Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (emphasis in original and internal quotation marks omitted). After establishing the requirements of Rule 23(a), Plaintiff must also satisfy, through evidentiary proof, at least one of the provisions of Rule 23(b). *See id*. Only after a "rigorous analysis" may a court determine that the movant has satisfied Rule 23's prerequisites and properly certify the class. *See id*.

### B. "Adequately Defined and Clearly Ascertainable"

Plaintiff seeks certification of the following class:

> **Background Check Class:** All employees and job applicants of StateServ Medical of Florida, LLC, The StateServe Companies, LLC, StateServ Medical LLC, and any of their affiliates, related companies, agents and owners (the "StateServ Entities"), who were the subject of a consumer report procured by StateServ Medical of Florida, LLC, The StateServe Companies, LLC, or StateServ Medical LLC ("Defendants") within five years of the filing of the complaint through the date of final judgment based upon disclosure authorization forms substantially similar to **Exhibits A and B**.[1]

The Eleventh Circuit instructs that "a class is not ascertainable unless the class definition contains objective criteria that allow for class members to be identified in an administratively feasible way." *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015) (citing *Bussey v. Macon Cnty. Greyhound Park, Inc.,* 562 F. App'x 782, 787 (11th Cir. 2014)). Identifying class members is administratively feasible when it is a "manageable process that does not require much, if any, individual inquiry." *Karhu*, 621 F. App'x at 946 (citation and internal quotation marks omitted).

Here, this element is easily satisfied because the class members are limited to those individuals who were provided the Disclosure Forms during the relevant time period, and nothing in the record indicates that it would be infeasible to identify the class members. Notably, Defendants already produced to Plaintiff documents indicating that approximately 541 individuals were provided with the Disclosure Forms containing extraneous information during the relevant time. And, Defendants do not contest this issue. Accordingly, identifying the class members should be a manageable process.

---

[1] Exhibits A and B refer to the first two exhibits attached to Plaintiff's Unopposed Motion for Class Certification (Doc. 38), which are incorporated herein.

### C.     Rule 23(a)

To establish the elements required for class certification under Rule 23(a), Plaintiff must show: (1) numerosity – the class is so numerous that joinder of all members is impracticable; (2) commonality – there are questions of law or fact common to the class; (3) typicality – the claims or defenses of the class are typical; and (4) adequacy – the class representative will fairly and adequately protect the interests of the class. *See Luna v. Del Monte Fresh Produce (Southeast), Inc.*, 354 F. App'x 422, 424 (11th Cir. 2009); *Hines v. Widnall,* 334 F.3d 1253, 1255-56 (11th Cir. 2003); *Franze v. Equitable Assurance,* 296 F.3d 1250, 1253 (11th Cir. 2002).

#### 1.     Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Plaintiffs seeking class certification do not need to know the exact size of the proposed class but must set forth reasonable estimates with support as to the size of the proposed class. *See Agan v. Katzman & Korr, P.A.,* 222 F.R.D. 692, 696 (S.D. Fla. 2004) (citation omitted). While the size of the proposed class is relevant to a court's determination, other factors such as "the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits" should also be considered. *Id.* (citations and quotation marks omitted). In this instance, Defendants do not challenge Plaintiff's assertion that Rule 23(a)'s numerosity requirement is met with a putative class of a minimum of 500 applicants. The Court thus concludes that Plaintiff satisfied Rule 23(a)'s numerosity requirement.

### 2. Commonality

The commonality requirement typically "refers to the group of characteristics of the class as a whole." *Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 (11th Cir. 2000). To satisfy the commonality requirement, "a class action must involve issues that are susceptible to class-wide proof." *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001). However, it is not necessary that all members of the class have identical claims. *See Prado-Steiman,* 221 F.3d at 1279 n.14. Commonality, like typicality, focuses "on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members." *Id.* at 1278.

Here, a sufficient nexus exists. Namely, Plaintiff asserts common questions of fact among the class members, who are all applicants that were provided the same Disclosure Forms. Further, the common legal questions include whether Defendants willfully violated the FCRA when they provided the class members the Disclosure Forms. Accordingly, Plaintiff satisfied Rule 23(a)'s commonality requirement.

### 3. Typicality

A class representative must "possess the same interest and suffer the same injury as the class members." *Dukes,* 564 U.S. at 348-49 (citation and internal quotation marks omitted). Thus, a plaintiff may satisfy the typicality requirement by demonstrating "the claims or defenses of the class and class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984). Even if the fact patterns are unique to each claim, the typicality requirement will be satisfied if the class representative and class members experienced the same unlawful conduct. *See Agan,* 222 F.R.D. at 698. Like commonality, however, Rule 23 does not require that all members of the class possess

6

identical claims. *Kornberg*, 741 F.2d at 1337.

Defendants do not contest that Plaintiff's claims are typical of the putative class. Indeed, Plaintiff and the class members' claims arise from the same conduct and essentially the same factual and legal bases. Therefore, the Court concludes that Plaintiff satisfied Rule 23(a)'s typicality requirement.

### 4. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This element involves two separate inquiries: (1) whether any substantial conflicts of interest exist between the named representatives of the class and the class members; and (2) whether the representatives will adequately prosecute the action. *See Busby,* 513 F.3d at 1323 (citation and quotations omitted). This requirement serves to uncover any conflict of interest that named parties may have with the class they seek to represent. *See Amchem Products, Inc., v. Windsor,* 521 U.S. 591, 625 (1997). "If substantial conflicts of interest are determined to exist among a class, class certification is inappropriate." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted). Minor conflicts alone will not defeat class certification; the conflict must be "fundamental" to the specific issues in the case. *Id.* When conducting the adequacy-of-representation inquiry, the court must also determine the competency and any conflicts that class counsel may have and, in doing so, must consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Defendants do not contest that Plaintiff demonstrated this element. As Plaintiff contends, no conflicts of interest exist between Plaintiff or counsel and the class members. Accordingly, Plaintiff satisfied Rule 23(a)'s adequacy-of-representation requirement and should be appointed as class representative with Plaintiff's counsel appointed as class counsel.

### D.     Rule 23(b)

As stated above, to obtain class certification, a plaintiff must not only satisfy Rule 23(a) but must also establish one of the alternative requirements of Rule 23(b). In this instance, Plaintiff seeks certification under Rule 23(b)(3). To obtain class certification pursuant to Rule 23(b)(3), common questions must predominate over questions that affect only individual members, and the class action must be a superior method for a fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) therefore imposes two additional requirements: predominance and increased efficiency (superiority). *See Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1006 (11th Cir. 1997).

#### 1.     Predominance

"[T]he issues in the class action that are subject to generalized proof and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Babineau v. Federal Exp. Corp.,* 576 F.3d 1183, 1191 (11th Cir. 2009) (quoting *Kerr v. City of West Palm Beach,* 875 F.2d 1546, 1557-58) (11th Cir. 1989)). Indeed, predominance requires more than just the presence of common issues. The common issues must actually outweigh and predominate over any individualized issues involved in the litigation. *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 518 (S.D. Fla. 2013). Common issues will not predominate over individual questions if the resolution

8

of an overarching common issue breaks down into an unmanageable variety of individual legal and factual issues. *Babineau,* 576 F.3d at 1191 (citation and quotation omitted)  A class should not be certified if it appears that most of the plaintiff's claims have highly case-specific factual issues or the claims require individualized proof. *See id.* "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Windsor,* 521 U.S. at 623 (citation omitted). The predominance inquiry thus focuses upon the legal or factual questions that qualify each class member's case as a genuine controversy and, therefore, is a far more demanding requirement than the commonality requirement under Rule 23(a). *Jackson,* 130 F.3d at 1005.

In this instance, the class claims predominate over any individual legal and factual issues. The central common issues in this case involve whether Defendants' Disclosure Forms satisfy the notice and authorization requirements under the FCRA and, if not, whether Defendants' failure to comply with the FCRA was willful. These common issues can be decided uniformly for all class members. Whether Defendants' Disclosure Forms violated the FCRA does not require an individualized inquiry. Similarly, whether Defendants' conduct was willful requires no inquiry from the class members; this legal issue focuses solely on Defendants' actions. Simply put, Plaintiff does not have to provide individualized proof to support the alleged FCRA violations because any violations stemming from the unlawful Disclosure Forms were uniformly directed to all members of the putative class. Accordingly, Plaintiff established that the legal and factual issues of the class predominate.

### 2. Superiority

Plaintiff must also establish that a class action is superior to other available methods

for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The superiority analysis focuses upon the relative advantages of proceeding as a class action suit over any other forms of litigation that might be realistically available to a moving party. *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1183-84 (11th Cir. 2010). In determining the superiority of the class action, the court may consider (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

In this case, the likelihood that the individual class members would have any interest in instituting a lawsuit or in controlling their own individual actions is minimal, at best. In fact, Plaintiff contends that, to date, no class members have filed individual FCRA lawsuits against Defendants. It is also beneficial to conduct the litigation in this forum since the process of bringing individual actions would prove more onerous than managing a class action. The alternative of instituting a plethora of individual claims for damages arising out of the exact same conduct offers neither efficiency nor fairness to Defendants or to the putative class. Considering the foregoing, Plaintiff established the superiority requirement of Rule 23(b)(3).

In sum, common factual and legal questions predominate over any individual issues in this case. A class action is thus an appropriate vehicle for the fair and efficient adjudication of this controversy. *See, e.g., Graham v. Pyramid Healthcare Solutions, Inc.*, Case No. 8:16-cv-1324-T-30AAS, 2017 WL 2799928, at *7 (M.D. Fla. June 28, 2017) ("The central common issues in this case are whether Defendant's FCRA forms satisfy

the notice and authorization requirements under the FCRA and, if not, whether Defendant's failure to comply with the FCRA was willful. These common issues can be decided uniformly for all class members.") (citations omitted).

## CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED:

1. Plaintiff's Unopposed Motion for Class Certification (Doc. 38) is GRANTED.

2. The Court certifies the following class:

    **Background Check Class:** All employees and job applicants of StateServ Medical of Florida, LLC, The StateServe Companies, LLC, StateServ Medical LLC, and any of their affiliates, related companies, agents and owners (the "StateServ Entities"), who were the subject of a consumer report procured by StateServ Medical of Florida, LLC, The StateServe Companies, LLC, or StateServ Medical LLC ("Defendants") within five years of the filing of the complaint through the date of final judgment based upon disclosure authorization forms substantially similar to **Exhibits A and B**.[2]

3. The Court approves Derrick Coles as Class Representative and his counsel, Marc Reed Edelman, as Class Counsel.

4. The parties are provided fourteen (14) days from the date of this Order to file an amended joint motion for preliminary approval of settlement agreement and proposed notice and schedule for notifying class members.

5. The Joint Motion for Preliminary Approval of Settlement and Notices to

---

[2] Again, Exhibits A and B refer to the first two exhibits attached to Plaintiff's Unopposed Motion for Class Certification (Doc. 38), and such exhibits are incorporated herein for purposes of certification of the class.

Settlement Class (Doc. 42) is therefore DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Tampa, Florida, on this 5th day of March, 2018.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record

Case 8:17-cv-00829-EAK-AEP   Document 45   Filed 03/05/18   Page 12 of 12 PageID 241