UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK COLES, on behalf of himself and
all others similarly situated,

    Plaintiff,

v.                                                     Case No.:  8:17-cv-829-EAK-AEP

STATESERV MEDICAL OF FLORIDA, LLC,
et al.,

    Defendants.
_____

## ORDER

This cause is before the Court pursuant to the Report and Recommendation (Doc. 50) ("R&R") submitted by United States Magistrate Judge Anthony E. Porcelli on the Parties' Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class ("Motion") (Doc. 48).  Through their Motion, the Parties seek preliminary approval of the class settlement and permission to issue the notices to potential class members.  Through his well-reasoned R&R, Judge Porcelli recommends that the Court grant the Parties' Motion.

Under the Federal Magistrate's Act ("Act"), Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions.  28 U.S.C. § 636(b)(1)(A).  The Act further vests magistrate judges with authority to "submit to the judge of the court proposed findings of fact and recommendations for the disposition" by an Article III judge.  28 U.S.C. § 636(b)(1)(B).  "Within fourteen days after being served with a copy [of a magistrate's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations."  28 U.S.C. § 636(b)(1).  On review by

Case No.: 8:17-cv-829-EAK-AEP

the district court, "the court shall make a *de novo* determination of those portions of the report . . . to which objection is made." *Id.* When no timely and specific objections are filed, case law indicates the court should review the findings using a clearly erroneous standard. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

On June 22, 2018, the Parties filed a joint notice (Doc. 51) indicating they have no objections to the R&R. After careful consideration of the R&R, in conjunction with an independent examination of the file, the Court finds that the R&R is well-reasoned, correct, and not clearly erroneous. The R&R is thus adopted by the Court, and incorporated into this Order by reference.

**ACCORDINGLY**, it is therefore **ORDERED AND ADJUDGED** that:

1. Judge Porcelli's Report and Recommendation (Doc. 50) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this order for all purposes.

2. The Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class (Doc. 48) is **GRANTED**.

3. The Parties' request that the Court retain jurisdiction to implement and enforce the Settlement Agreement after final approval is **DENIED**.

4. The Notice of Class Action Settlement (Doc. 48, Ex. 1) is **APPROVED** for distribution to the class.

5. A fairness hearing is scheduled to take place before Judge Porcelli on Wednesday, December 5, 2018 at 10:00 a.m.

6. The parties shall move for final approval of the Settlement Agreement no later than fourteen (14) days prior to the date of the fairness hearing.

Case No.: 8:17-cv-829-EAK-AEP

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 19th day of July, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies Furnished To:

Counsel/Parties of Record