UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK COLES, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                                    Case No.: 8:17-cv-829-EAK-AEP

STATESERV MEDICAL OF FLORIDA,
LLC, *et al.*,

    Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court pursuant to the Report and Recommendation (Doc. 66) ("**R&R**") submitted by United States Magistrate Judge Anthony E. Porcelli on the parties' Joint Motion for Final Approval of Class Action Settlement (Doc. 62) and Plaintiff's Amended Unopposed Motion for Attorneys' Fees and Costs and a Class Representative Service Award (Doc. 61). Through the Joint Motion for Final Approval of Class Action Settlement, the parties seek the Court's final approval of the parties' Settlement Agreement (Doc. 62-1). Through the Amended Unopposed Motion for Attorneys' Fees and Costs and a Class Representative Service Award, Plaintiff seeks Court approval of the attorneys' fees, costs, including the costs of notice to the class and settlement administration, and Plaintiff's service award pursuant to the Settlement Agreement. Through his well-reasoned R&R, Judge Porcelli recommends the Court grant both motions.

Case No.: 8:17-cv-829-EAK-AEP

Under the Federal Magistrates Act ("**Act**"), Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). "Within fourteen days after being served with a copy [of a magistrate judge's Report and Recommendation], any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1). On review by the district court, "the court shall make a *de novo* determination of those portions of the report . . . to which objection is made." Id. When no timely and specific objections are filed, caselaw indicates the district court should review the magistrate judge's findings using a clearly erroneous standard. See Gropp v. United Airlines, Inc., 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

Here, no party filed objections to the R&R, and the time for doing so has elapsed. After careful consideration of the R&R, in conjunction with an independent examination of the file, the Court finds that the R&R is well-reasoned, correct, and not clearly erroneous. The R&R is thus adopted by the Court and incorporated into this Order by reference.

*[space intentionally left blank]*

Case No.: 8:17-cv-829-EAK-AEP

**ACCORDINGLY**, it is therefore **ORDERED** and **ADJUDGED** that:

1. Judge Porcelli's Report and Recommendation (Doc. 62) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes;

2. The parties' Joint Motion for Final Approval of Class Action Settlement (Doc. 62) is **GRANTED** and the Settlement Agreement (Doc. 62-1) is **APPROVED**;

3. Plaintiff's Amended Unopposed Motion for Attorneys' Fees and Costs and a Class Representative Service Award (Doc. 61) is **GRANTED**; and

4. On or before February 27, 2019, the parties shall submit a stipulated form of final judgment or stipulation of dismissal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 13th day of February, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies Furnished To:

Counsel/Parties of Record

3